RECEIVED

2005 NOV 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

## MEMORANDUM BRIEF IN SUPPORT OF
## OBJECTION TO MAGISTRATE JUDGE'S ORDER
## DATED OCTOBER 18th, 2005

The Magistrate Judge denied plaintiff the right to be heard, and notice of an action, before the action was taken. What the Magistrate Judge did by granting plaintiff's in forma pauperis was not merely an abuse of discretion, but so grave that it amounted to the denial of a Constitutional Right, protected by the fifth amendment. The fundamental requirement of Due Process is menaingful opportunity to be heard at a meaningful time. See Taylor v. Parratt, 451 U.S. 527, 540, 100 S.Ct. 1908, 1915, 68 L.ED. 2d 420(1981) Simirarly the 11th Circuit have said that Due Process requires the opportunity to be heard at a meanful time and in a meaningful manner. Zipperer v City of Fort Myers, 41 F. 3d 619, 623 (11th Cir. 1995)(Procedural due process requires notice and an opportunity to be heard before any government deprivation of a property interest.)

Due Process essentially requires that the procedure be fair. The "Consolidated Appropriations Act of 2005", went into effect this year. It is the normal practice of this Circuit, and of the United States Supreme Court to give a grace peroid for any "NEW" law that goes into effect. The reason for such a grace peroid is to give a party notice and an opportnnity to be heard. See Artuz v. Bennett, 531 U.S. 4, 121 S.Ct 361, 148 L. Ed 2d 213(2000); Estes v Chapman, 382 F. 3d 1237(11th Cir.___)(Explainning that A.E.D.P.'s §2244(d) prisoners was given a one year grace peroid

from the enactment date.)

All procedures taken by the Magistrate Judge must comport with due process requirements, these provisions are intended to provide a type of "SAFE HARBOR".

The Magistrate Judge went out side of the scope of due process thereby rendering his ORDER illegal. For him to take for granted that plaintiff wanted to proceed with is complaint was against the law. For that reason plaintiff's §1983 complaint, and in forma pauperis status should be dismissed, at no cost to plaintiff.

Respectfully Submitted

Don Martin 184335
DON MARTIN 184335